# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

HAROLD MOSES COVERT                                               PLAINTIFF
ADC #151511

V.                         No. 4:20CV00202-BSM-JTR

WENDY KELLEY,
Director, ADC, *et al.*                                          DEFENDANTS

## ORDER

Plaintiff Harold Moses Covert ("Covert") is a prisoner in the Varner Supermax Unit of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* § 1983 Complaint alleging that Defendants violated his constitutional rights. *Doc. 2.* Before Covert may proceed, the Court must screen his claims.[1]

## I. Screening

In his Complaint, Covert alleges that, because he has provided confidential information about drugs that are being smuggled into the ADC, Defendants ADC Director Wendy Kelley, ADC Director Dexter Payne, Deputy Warden J. Shipman,

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). To survive the screening process, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Finally, a *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

Deputy Warden J. Byers, Chief of Security B. Carroll, Chief Deputy Director M. Reed, Chief of Security R. Straughn, Captain J. Plummer, Captain S. Taylor, Deputy Warden Johnson, Chief of Security/Captain M. Richardson, Internal Affairs Administrator R. Naylor, and Warden J. Gibson, are being deliberately indifferent to a substantial risk of serious harm to his safety, in violation of the Eighth Amendment. *Doc. 2 at 5-14.*

He also alleges that, on October 27, 2019, Captain J. Plummer, Lieutenant M. Lloyd, Sergeant L. Swopes, and Sergeant Hampton subjected him to a retaliatory cell search, in violation of his First Amendment rights. *Id. at 14-15.* According to Covert, the search was in retaliation for him making a call on the Arkansas State Crime information line about prisoners selling drugs, and for writing a grievance against Hampton. He has sued Defendants in their individual and official capacities, and he seeks damages and injunctive relief. *Id. at 5 & 16.*

The Court concludes, *for screening purposes only*, that Covert has stated plausible Eighth Amendment and First Amendment claims against all Defendants. Accordingly, service will be ordered.

## II. Covert's Motions

Covert has filed a Motion for Appointment of Counsel. *Doc. 16.* A *pro se* litigant does not have a statutory or constitutional right to have counsel appointed in a civil case. *Patterson v. Kelley,* 902 F.3d 845, 850 (8th Cir. 2018); *Phillips v. Jasper*

*County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). However, the Court may, in its discretion, appoint counsel if the *pro se* prisoner has stated a non-frivolous claim and "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson,* 902 F.3d at 850 (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)). In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the existence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Id.*; *Phillips*, 437 F.3d at 794.

Covert's claims are not legally or factually complex. Furthermore, it appears from the record that he is capable of presenting his claims without the benefit of appointed counsel. He filed a lengthy Complaint and several Motions, and has diligently kept in contact with the Court. *Docs. 2, 3, 4, 6 & 16-18.* Once Defendants are served and file responsive pleadings, he can utilize the discovery process, as previously explained. *See Doc. 11.*

Thus, after carefully weighing the pertinent factors, the Court concludes that, at this stage in the proceeding, they do not support the appointment of counsel. Accordingly, Covert's Motion for Appointment of Counsel (*Doc. 16*) is DENIED.

Covert's Motion for Status and Motion to Clarify (*Docs. 17 & 18*) are GRANTED. All pending matters have been addressed by the Court.[2]

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Covert may PROCEED with his Eighth Amendment and First Amendment claims against ADC Director Wendy Kelley, ADC Director Dexter Payne, Deputy Warden J. Shipman, Deputy Warden J. Byers, Chief of Security B. Carroll, Chief Deputy Director M. Reed, Chief of Security R. Straughn, Captain J. Plummer, Captain S. Taylor, Deputy Warden Johnson, Chief of Security/Captain M. Richardson, Internal Affairs Administrator R. Naylor, Warden J. Gibson, Lieutenant M. Lloyd, Sergeant L. Swopes, and Sergeant Hampton.

2. The Clerk is directed to prepare summonses for all Defendants. The United States Marshal is directed to serve the summons and Complaint (*Doc. 2*), and this Order, on each Defendant, through the ADC Compliance Division, without prepayment of fees and costs or security therefor.[3]

3. Covert's Motion for Appointment of Counsel (*Doc. 16*) is DENIED.

---

[2]The Court has entered a separate Recommendation addressing Covert's Motion for Temporary Restraining Order and Preliminary Injunction (*Doc. 4*).

[3]If any Defendant is no longer an ADC employee, the individual responding to service must file a **sealed** statement providing the unserved Defendant's last known private mailing address.

4. Covert's Motion for Status and Motion to Clarify (*Docs. 17 & 18)* are GRANTED. The Clerk is directed to send him an updated docket sheet.

DATED this 28th day of December, 2020.

_____
UNITED STATES MAGISTRATE JUDGE